UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PABLO GOMEZ<br>        Plaintiff,<br><br>v.<br><br>THE CITY OF NORWALK, et. al.<br>        Defendants. | No. 3:15-CV-01434 (MPS) |

**Ruling on Motion to Dismiss**

I.   **Introduction**

This action arises from an arrest of Plaintiff Pablo Gomez ("Plaintiff") by Defendants Paul Wargo ("Wargo"), William Matsen ("Matsen"), and Luis Serrano ("Serrano"), officers of the Norwalk Police Department (collectively, the "Defendant Officers"). Plaintiff sues the Defendant Officers in both their official and individual capacities, the City of Norwalk, and the Norwalk Police Chief, Thomas E. Kulhawik ("Chief Kulhawik"), for violations of the federal constitution as well as state and common law. Specifically, Plaintiff claims: (i) deprivation of civil rights under 42 U.S.C. § 1983 (count one), (ii) excessive force under 42 U.S.C. § 1983 (count two), (iii) unlawful search 42 U.S.C. § 1983 (count three), (iv) "malicious abuse of process" under 42 U.S.C. § 1983 (count four), (v) municipal liability (count five), (vi) conspiracy (count six), (vii) assault and battery (count seven), (viii) negligent infliction of emotional distress (count eight), (ix)intentional infliction of emotional distress (count nine), and (x) negligence (count ten).

Defendants have moved to dismiss portions of the amended complaint under Fed. R. Civ. P. 12(b)(6). They seek to dismiss: (i) all of Plaintiff's claims against the Defendant Officers in their official capacities in counts one, two, three, four, and six; (ii) the *Monell* claim against the

City of Norwalk in count five; and (iii) the negligence claim against the City of Norwalk and Chief Kulhawik in count ten.[1]

As more fully explained below, I grant to the motion to dismiss because: (i) Plaintiff has failed to allege a plausible *Monell* claim and, therefore, his claim against the City of Norwalk in count five and the claims against the Defendant Officers in their official capacities in counts one, two, three, four, and six fail; and (ii) the negligence claim in count ten against the City of Norwalk and Chief Kulhawik is barred by governmental immunity.

## II. The Amended Complaint

The following facts are taken from the amended complaint and are accepted as true for the purpose of deciding Defendants' motion to dismiss.

### A. Factual Allegations

On October 1, 2013, upon seeing Plaintiff conversing with his cousin on the side of the road, Wargo stopped his police vehicle, exited, asked the two men for their identification, and inquired what they were doing. (ECF No. 34 at 5.)[2] Plaintiff showed Wargo his identification and requested to know why he was being questioned, at which time Plaintiff was "instructed to do what he was told." (*Id.*) Plaintiff informed Wargo that he and his cousin were talking and smoking a cigarette; he asked why Wargo was "harassing" him. (*Id.*) At this time, Wargo directed Plaintiff to place his hands on the trunk of the cousin's vehicle and then he searched the Plaintiff. (*Id.*) After examining the Plaintiff's identification and discerning his address, Wargo

---

[1] I note that Plaintiff failed to file a brief in opposition to the Defendants' motion to dismiss. Though failure to submit such a brief can be grounds for granting the Defendants' motion, D. Conn. L. Civ. R. 7(a) ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion."), I nonetheless have considered the motion on the merits.
[2] Due to duplicative numbering of the paragraphs in the complaint, I cite the docket page number of the complaint.

2

instructed the Plaintiff to tell him the location of Cardinal Street. (*Id.*) Plaintiff responded that "he could find Cardinal Street without his assistance." (*Id.* at 6.) He then "turned around removing one hand from the trunk of the car and asked again why he was being harassed, and searched for no reason." (*Id.*) Wargo responded, "keep your hands on the fucking car." (*Id.*) Plaintiff proceeded to remove his hands from the car, turned around and asked again "why am I being stopped;" immediately thereafter, Wargo "struck him in the head with a flashlight," causing Plaintiff to suffer injury to the right side of his head, which required emergency care and 9 surgical staples. (*Id.*)

Wargo and Matsen then pushed Plaintiff onto the car and handcuffed him, whereupon Plaintiff, who was profusely bleeding, "became visibly upset," inducing Wargo and Matsen to grab, push and restrain the injured Plaintiff. (*Id.*) Plaintiff alleges, "upon information and belief," that Serrano helped Wargo and Matsen restrain the Plaintiff after he was hit with the flashlight. (*Id.*) Matsen and Serrano escorted Plaintiff to the hospital. (*Id.*) Also upon information and belief, Plaintiff asserts that Wargo confronted him "without probable cause, and based upon profiling or at best, mere suspicion." (*Id.* at 7.) Plaintiff further contends upon information and belief that Defendant Officers charged him and falsified their reports to provide an explanation for and conceal their use of unlawful force. (*Id.*)

### B. Municipal Liability and Negligence Allegations

Plaintiff asserts that the Defendant Officers' acts were done in accordance with the customs and rules of the City of Norwalk and the Police Department, and occurred under the supervision of Chief Kulhawik, who was acting in his capacity as a police officer. (*Id.* at 12.) Further, the "customs, policies, usages, practices, procedures and rules" of the City and the Police Department "constituted a deliberate indifference to the safety, well-being and

3

constitutional rights of the Plaintiff," and were the "direct and proximate cause of," as well as the "moving force behind the constitutional violation suffered by the Plaintiff . . . ." (*Id.* at 12.) In addition, the City and Chief Kulhawik "acquiesced in a pattern of unconstitutional conduct by subordinate police officers." (*Id.* at 13). Plaintiff alleges the City and Chief Kulhawik are therefore responsible for the Defendant Officers' violations of the Plaintiff's rights. (*Id.*)

Plaintiff further contends his injuries were caused by the City's and/or Chief Kulhawik's negligence in failing to: "properly train the individual Defendants with regard to the proper use of force" and "the proper use of flashlights;" "assist the individual Defendants in the safe performance of their duties;" adequately investigate individual defendants for behavioral issues prior to hiring; "properly supervise" the chief and the individual defendants respecting the circumstances under consideration; properly train Chief Kulhawik; "enforce the law as it existed;" "prevent its police officers from committing illegal actions when it knew or should have known such actions were taking place;" and "make any meaningful investigation into charges that its police officers were repeatedly violating its citizen's constitutional rights," despite being repeatedly put on notice of such conduct. (*Id.* at 17-18.) Moreover, he alleges that the City and/or Chief Kulhawik negligently "participated in customs that [led] to violations of individual constitutional rights;" "acted with deliberate indifference to the constitutional rights of others;" and "upon information and belief" "hired Defendant(s) [who] had a history of problems and violence." (*Id.* at 18.)

4

### III.   Legal Standard

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine if the Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotation marks and citations omitted). In considering a motion to dismiss under Rule 12(b)(6), a court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Doe by and through Boyd v. Smereczynsky*, No. 3:16-cv-394 (MPS), 2017 WL 1100426, at *2 (D. Conn. Mar. 23, 2016) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). In order for a complaint to survive a motion to dismiss, "[a]fter the court strips away conclusory allegations, there must remain sufficient well-pleaded factual allegations to nudge plaintiff's claims across the line from conceivable to plausible." *In re Fosamax Products Liab. Litig.*, 2010 WL 1654156, at *1 (S.D.N.Y. Apr. 9, 2010). "When a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims, it is appropriate to grant defendants['] motion to dismiss." *Sherman v. Platosh*, No. 3:15-CV-352 (MPS), 2016 WL 146431, at *2 (D. Conn. Jan. 12, 2016) (quoting *Scott v. Town of Monroe*, 306 F. Supp. 2d 191, 198 (D. Conn. 2004)). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555.

IV. Discussion

    A. The *Monell* Claim and Official Capacity Claims against the Defendant Officers (Counts 1-6)

In counts one, two, three, four, and six, Plaintiff has brought claims under § 1983 against Defendant Officers in their official capacities. For purposes of ruling on the motion to dismiss, I will analyze those claims together with the claim against the City of Norwalk in count five because a claim against a municipal employee in his official capacity is treated as a claim against the municipality itself. *Reynolds v. Giuliani,* 506 F.3d 183, 191 (2d Cir. 2007)("An official capacity suit against a public servant is treated as one against the governmental entity itself.").

A municipality is liable under § 1983 only if it had a "policy or custom" that caused the plaintiff's injury. *Monell v. N.Y.C. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978); *see also Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) ("To hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." (internal quotation marks and citations omitted)). Courts have recognized that "[a] plaintiff may satisfy the policy or custom prong in one of four ways: by alleging the existence of (1) a formal policy; (2) actions taken or decisions made by final municipal policymakers that caused the violation of plaintiff's rights; (3) a practice so persistent and widespread that it constitutes a custom or usage and implies the constructive knowledge of policymakers; or (4) a failure to properly train or supervise municipal employees that amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact." *Aquino v. City of N.Y.*, No. 1:16-CV-1577, 2017 WL 384354, at *3 (S.D.N.Y. Jan. 25, 2017)(internal quotation marks and citation omitted); *see also Albert v. City of Hartford*, 529 F.

Supp. 2d 311, 329 (D. Conn. 2007).  I examine whether the complaint alleges any of these bases below.

### 1.  Formal Policy

Plaintiff does not identify any formal policy that caused or contributed to the Defendant Officers' conduct. Thus, Plaintiff has not alleged facts supporting a theory of municipal liability under § 1983 on this basis.

### 2.  Final Decision by Policymakers

A municipal officer subjects a municipality to § 1983 liability "where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986).

Here, Plaintiff does not allege that Chief Kulhawik or any other potential policymaker made a deliberate choice to follow a course of action that led to Plaintiff's injuries. There are no facts in the complaint suggesting that Plaintiff's altercation with the Defendant Officers was the product of such a choice. *See Sherman,* 2016 WL 146431 at *4 (quoting *Abreu v. City of New York*, 657 F. Supp. 2d 357, 361 (E.D.N.Y. 2009)("a single, detached incident of misconduct by a few non-policy level officers, in no way suggests a deliberate choice by municipal policymakers to turn a blind eye to unconstitutional conduct."). Further, while Plaintiff alleges the City of Norwalk and Chief Kulhawik "acquiesced in a pattern of unconstitutional conduct by subordinate officers," (ECF No. 34 at 13), the amended complaint does not provide any facts to support this naked assertion.

### 3. Custom

Plaintiff has not plausibly alleged the existence of a "custom." A custom exists where "the alleged practice [is] so manifest as to imply the constructive acquiescence of senior policy making officials." *Green v. City of N.Y.*, 465 F.3d 65, 80 (2d Cir. 2006)(internal quotation marks and citations omitted). "*Monell's* policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions." *Reynolds*, 506 F.3d at 192. "So long as the discriminatory practices of city officials are persistent and widespread, they could be so permanent and well settled as to constitute a custom or usage with the force of law, and thereby generate municipal liability." *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870-71 (2d Cir. 1992)(internal quotation marks and citation omitted). But a *Monell* claim cannot survive a motion to dismiss if it relies on conclusory allegations that a municipal policy, custom or practice exists. *See Masciotta v. Clarkstown Cent. Sch. Dist.*, 136 F. Supp. 3d 527, 546 (S.D.N.Y. 2015)("[T]o survive a motion to dismiss, Plaintiff cannot, through conclusory allegations, merely assert the existence of a municipal policy or custom but must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.").

In this case, the amended complaint contains only conclusory allegations that Plaintiff's constitutional rights were violated pursuant to the customs, policies, usages, practices, procedures and rules of the City. (*See* (ECF No. 34 at 12)(" The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers pursuant to the customs, policies, usage, practices, procedures, and rules of the Defendant CITY, and the City of Norwalk Police Department, all under the supervision of the CHIEF and ranking officers

of said department."); (*Id.*)("The customs, policies, usages, practices, procedures and rules of the Defendant CITY and the City of Norwalk Police Department constituted a deliberate indifference to the safety and well-being and constitutional rights of the Plaintiff PABLO GOMEZ."); (*Id.*)("The customs, policies, usages, practices, procedures and rules of the Defendant CITY OF NORWALK and the City of Norwalk Police Department were the direct and proximate cause of the constitutional violations suffered by the Plaintiff PABLO GOMEZ as alleged herein."); (*Id.*)("The customs, policies, usages, practices, procedures and rules of the Defendant CITY OF NORWALK and the City of Norwalk Police Department were the moving force behind the constitutional violations suffered by the Plaintiff PABLO GOMEZ…")). Those allegations, without more factual detail, are insufficient to withstand a motion to dismiss because they fail to provide any basis to infer which City policies or practices led to the alleged unconstitutional conduct. *See e.g.*, *Triano v. Town of Harrison*, 895 F.Supp.2d 526, 535-36 (S.D.N.Y. 2012)(observing that "mere allegations of a municipal custom or practice of tolerating official misconduct are insufficient to demonstrate the existence of such a custom unless supported by factual details")(citing cases);  *Moore v. City of New York*, No.08-cv-8879, 2010 WL 742981, at * 6 (Mar. 2, 2010) ("Allegations that a defendant acted pursuant to a policy or custom without any facts suggesting the policy's existence, are plainly insufficient.")(internal quotation marks and citations omitted); *Simms v. City of New York*, No.10-cv-3420, 2011 WL 4543051, at *3 (E.D.N.Y. Sept. 28, 2011)(dismissing *Monell* claim where complaint recited conclusory allegations failing to provide any facts that would permit the court to infer which city policies or practices led to the alleged violation); *Duncan v. City of New York*, No. 11-cv-3826, 2012 WL at * 3 (E.D.N.Y. May 14, 2002); *Sherman,* 2016 WL 146431 at *3 (noting "conclusory allegations [] devoid of sufficient facts" are not enough "to support an inference that [a

municipality] ha[d] a custom or policy that resulted in the violation of [plaintiff's] constitutional rights").

Furthermore, the amended complaint contains no allegations that there was a pattern of similar unconstitutional conduct under the alleged custom. Instead, the amended complaint advances the *Monell* claim on the basis of a single altercation between Plaintiff and the Defendant Officers, which is plainly insufficient. *See Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012)("isolated acts of excessive force by non-policymaking employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability")(internal quotation marks and citations omitted). In other words, "there is not enough factual material in the [amended complaint] for the court to reasonably infer that the police misconduct [Plaintiff] alleges was the result of anything other than the individual acts of the arresting officers." *Simms*, 2011 WL 4543051, at *2.

For the foregoing reasons, the Plaintiff has failed to plausibly allege the existence of a custom.

### 4. Failure to Train

An inadequate training program "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). But "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). For municipal liability to attach on a failure to train theory, "a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Id.* (internal quotation marks and citation omitted.) "A pattern of

10

similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id.* at 62 (internal quotation marks and citation omitted). "While it may be true that § 1983 plaintiffs cannot be expected to know the details of a municipality's training programs prior to discovery, this does not relieve them of their obligation under *Iqbal* to plead a facially plausible claim." *Simms v. City of New York*, 480 F.App'x 627, 631 n. 4 (2d Cir. 2012).

To allege deliberate indifference in the context of failure to train claim, a plaintiff must plead facts giving rise to a plausible inference (1) "that a policymaker knows to a moral certainty that h[is] employees will confront a given situation"; (2) "the situation presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation"; and (3) "the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." *Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992).

Plaintiff alleges that the City and the Chief "failed to properly train the individual Defendants with regard to the proper use of force" and "the proper use of flashlights." (ECF No. 34 at 17.)  These conclusory allegations are insufficient to state a claim for failure to train. First, there are no specific facts alleged suggesting that the City's police officer training regimen caused Plaintiff's injuries – allegations needed to sustain his *Monell* claim.  *See e.g., Connick*, 563 U.S. at 61 ("[W]hen city policymakers are on actual or constructive notice that a *particular omission* in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program.")(emphasis added); *Marte v. N.Y. City Police Dep't*, No. 10 CIV. 3706, 2010 WL 4176696, at *3 (S.D.N.Y. Oct. 12, 2010)("While plaintiffs allege that the NYPD and Task Force

11

are responsible for training and supervision of its officers, they have not pled any facts that plausibly allege a specific deficiency in the training or supervision program that accounts for deprivation of their constitutional rights."); *Walker v. City of N.Y.*, No. 14-CV-808, 2015 WL 4254026, at *11 (S.D.N.Y. July 14, 2015)("Plaintiff has also failed to plead any facts that suggest a failure to train the Officers caused his constitutional violation. He neither cites to procedural manuals and training guides, nor highlights the pertinent aspects of police training in order to prove the claim."). Second, the amended complaint fails to allege facts suggesting a pattern of misconduct or otherwise that the alleged failure to train amounted to deliberate indifference to the constitutional rights of people who may find themselves in Plaintiff's situation. *See Connick*, 563 U.S. at 62 ("A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of a failure to train claim."), *Worrell v. City of N.Y.*, No. 12-CV-6151, 2014 WL 1224257, at *13 (E.D.N.Y. Mar. 24, 2014)("In light of Plaintiff's failure to allege instances of alleged unconstitutional activity other than the Defendants' single actions in her case, Plaintiff failed to demonstrate deliberate indifference for purposes of a municipal liability failure to train claim."). Furthermore, the amended complaint does not allege facts to suggest that this is "one of those rare cases where a pattern of similar violations might not be necessary to show deliberate indifference." *Adams v. City of New Haven*, 2015 WL 1566177, at *4 (D. Conn. Apr. 8, 2015)(internal quotation marks and citations omitted). Therefore, based on the foregoing, Plaintiff has failed to allege a plausible failure to train claim.

    **B.**    **Negligence by the City of Norwalk and Chief Kulhawik (Count Ten)**

In count ten, Plaintiff alleges that the City of Norwalk and Chief Kulhawik were negligent in their failure to train, screen, assist, supervise, and investigate the Defendant Officers.

(ECF No. 34 at 17.)  Under Connecticut law, a municipality and its officials are shielded by governmental immunity in the performance of discretionary acts.  *See Elliott v. Waterbury*, 245 Conn. 385, 411 (1998)("[A] municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts…Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature…[M]inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion…")(internal quotation marks and citations omitted). The acts alleged – failure to train, screen, assist, supervise, and investigate – are discretionary acts. *See Hughes v. City of Hartford*, 96 F. Supp. 2d 114, 118-19 (D. Conn. 2000)("[E]xtensive and near-unanimous precedent in Connecticut clearly demonstrates that the acts or omissions alleged in plaintiff's complaint – the failure to screen, hire, train, supervise, control and discipline –are discretionary acts as a matter of law."). Plaintiff, who filed no response to the motion to dismiss, has not suggested that any exception to governmental immunity might apply. Therefore, Plaintiff's claim for negligence against the City of Norwalk and Chief Kulhawik is barred by governmental immunity.

V.   **Conclusion**

For the reasons set forth above, I grant the motion to dismiss.


IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.


Dated:      Hartford, Connecticut
            July 17, 2017

13